# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM A. AVINGER, #319774, | ) ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:13-2736-BHH-BM ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| WARDEN, MACDOUGAL CORRECTIONAL INSTITUTION, | ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 2, 2013.[1]

The Respondent filed a return and motion for summary judgment on March 20, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on March 21, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Additionally, on August 6, 2014, the Court issued an order directing the Respondent to advise the Court whether it intended to waive any potential statute of limitation defense and, if not, to file any arguments with respect to this

---

[1]Since Petitioner's envelope does not have a date when it was delivered to the mail room, the Court has given Petitioner the benefit of the date on his Petition. See Houston v. Lack, 487 U.S. 266, 270-276 (1988).



1

issue within twenty (20) days. The Respondent then filed a memorandum stating that it did not waive any statute of limitation defense, and supplemented its previously filed memorandum (docketed as a supplemental motion).

After receiving extensions of time to respond to Respondent's original motion, Petitioner filed a response in opposition on August 8, 2014. However, since that response was placed in prison mailbox on August 4, 2014, it did not address the issues raised in Respondent's supplemental memorandum. Accordingly, the Court issued an order on August 11, 2014, giving Petitioner another thirty (30) days to address any further issues. However, Petitioner failed to file a response to the supplemental memorandum in support of summary judgment.

This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Charleston County in November 2008 for assault and battery with intent to kill ("ABWIK") [Indictment No. 08-GS-10-8300] and armed robbery [Indictment No. 08-GS-10-8299]. (R.pp. 56-59). Petitioner was represented by William Ted Smith, Esquire, and entered a guilty plea to the charges on July 29, 2009. (R.pp. 1-14). Petitioner was sentenced to twelve (12) years imprisonment, concurrent, on each charge. (R.p. 14). Petitioner did not appeal his conviction and/or sentence.

Almost a year later, on June 28, 2010, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Avinger v. State of South Carolina</u>, No. 2010-CP-

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

10-5153. (R.pp. 16-22). Petitioner raised the following issues in his APCR:

> **Ground One:** Ineffective assistance of counsel in that counsel did not conduct a proper investigation and did not have a mental evaluation done.
>
> **Ground Two:** Ineffective assistance of counsel in advising Petitioner to plead guilty.
>
> **Ground Three:** Counsel failed to advise [Petitioner] that he had a right to appeal.

(R.p. 18).

Petitioner was represented in his APCR by Charles T. Brooks, Esquire, and an evidentiary hearing was held on Petitioner's application on November 17, 2010. (R.pp. 27-46). In an order filed December 23, 2010, the PCR judge denied relief in its entirety. (R.pp. 48-55).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Appellate Counsel with the South Carolina Commission on Indigent Defense, who filed a petition raising the following issue:

> Trial counsel erred in allowing Petitioner to plead guilty to armed robbery and assault and battery with intent to kill because there was no proof beyond a reasonable doubt that Petitioner was guilty of the charges.

See Petition, p. 2 [Court Docket No. 20-4, p. 3].

On June 12, 2013, the South Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari. See Court Docket No. 20-6. The Remittitur was sent down on June 28, 2013. See Court Docket No. 20-7.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel.
>
> **Ground Two:** Due Process Violation - Fell below the objective standard of reasonableness in regards to safeguarding my constitutional rights.



3

**Ground Three:** [Pled] guilty on ill [advice] of attorney - [prosecutorial] counsel misconduct.

**Ground Four:** Deprived of Constitutional Rights.

See Petition, pp. 6-7, 9, 11.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[3] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.



4

>in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

>The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A). Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on August 10, 2009, ten (10) days after his guilty plea.[4] See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 S.E.2d 395, 398 (4th Cir. 2001). By the time Petitioner filed his APCR on June 28, 2010, three hundred and twenty-one (321) days of non-tolled time had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on June 28, 2013. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed,

---

[4]Since the actual tenth date, August 8, 2009, was a Saturday, Petitioner would have had until the following Monday, August 10, 2009, to file a direct appeal.

2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed his federal habeas petition on October 2, 2013, an additional ninety-five (95) days[5] had passed, for a total of four hundred and sixteen (416) days, placing Petitioner's federal habeas filing well outside § 2244(d)1(A)'s one year limitations period.

As Petitioner failed to timely file this federal petition, he is barred from seeking federal relief. See Artuz v. Bennett, 531 U.S. 4 (2000)[while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.[6] Therefore, this Petition should be dismissed. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

---

[5]The Respondent submits that one hundred and thirteen (113) days passed. It is not clear which date the Respondent used for its calculation. However, the undersigned used the date that the Remittitur was issued out of an abundance of caution. See Gonzalez, 132 S.Ct. at 654 n. 10 [distinguishing between § 2244(d)(2) and (d)(1) provisions]; see also SCACR 221(b); Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction]. In any event, the Petition is time barred under either calculation.

[6]While equitable tolling of the limitations period can be granted in rare cases, the Petitioner has presented no grounds for equitable tolling in his Petition.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 26, 2014
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



8